IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| CURTIS LEE SHEPPARD, | ) | |
| SO No. 17273, | ) | |
|    Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:09-CV-131-O |
| | ) | |
| DAVID DUKE, | ) | |
| Wichita County Sheriff, | ) | |
|    Respondent. | ) | |

MEMORANDUM OPINION AND ORDER

This is a petition for writ of habeas corpus filed by an inmate confined in the Wichita County Jail in Wichita Falls, Texas. Sheppard seeks dismissal of criminal charges pending against him in Wichita County. Petition pp. 5-6. Sheppard attacks the state criminal proceedings on the following grounds:

1. the indictment in cause no 47917-B and the enhancements alleged therein were invalid;

2. the re-indictment in cause no. 48429-B was the result of malicious prosecution, abuse of authority by the prosecutor and was not returned by a legally constituted grand jury;

3 the State of Texas has failed to respond to his state application for habeas relief, and;

4. the prosecutor deliberately disregarded his state habeas application in order to keep him locked up on a false charge.

Petition pp. 5-6. Sheppard seeks dismissal of the indictment in cause no. 47917-B which, he states, is the same indictment and charge as cause no. 48429-B, possession of a controlled substance. Petitioner's Answer to the Court's Question No. 1. In his answer to the Court's question no.1, Sheppard states, for the first time, that he also wishes to attack charges pending against him in

Young County Texas for possession of a controlled substance. In a supplement to his answers to the Court's questions, Sheppard asserts, for the first time, that his right to a speedy trial in Wichita County has been denied. *See* Doc. No. 4.

Sheppard's challenge to the validity of pending state criminal charges cannot proceed in this action. Under the *Younger* abstention doctrine, a federal court should abstain from exercising its jurisdiction when to do so would result in the interference in the course of an ongoing state criminal proceeding except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm. *E.g. Heck v. Humphrey*, 512 U.S. 477, 487 n.8 (1994); *Younger v. Harris*, 401 U.S. 37, 43-45 (1971); *Davis v. Zain*, 79 F.3d 18, 19 (5th Cir. 1996). This Court can detect no grounds which would justify considering the merits of Sheppard's grounds for relief at this time. Rather, he or his attorney must resort to those remedies afforded by the state court in order to challenge the validity of the state criminal proceedings.

Sheppard claims to have been denied his right to speedy trial in Wichita County. The Sixth Amendment of the United States Constitution, applicable to the states through the Fourteenth Amendment, guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial ...." *Cowart v. Hargett*, 16 F.3d 642, 645 (5th Cir. 1994) (citing *Klopfer v. North Carolina*, 386 U.S. 213 (1967)). The right to a speedy trial attaches when a defendant is formally charged or actually restrained in connection with a criminal charge. *Cowart*, 16 F.3d at 645 (citing *Dickerson v. Guste*, 932 F.2d 1142, 1144 (5th Cir. 1991)). A criminal defendant may not use a federal habeas proceeding to obtain the pre-trial dismissal of a state indictment on the ground of a speedy trial violation. *Dickerson v. State of La.*, 816 F.2d 220, 226 (5th Cir. 1987).

However, federal courts may act to enforce a state's obligation to bring a defendant promptly to trial. *Id.*

To be eligible for habeas corpus relief on a speedy trial claim, a § 2241 petitioner must be "in custody" (i.e. - actually restrained or formally charged) and he must have exhausted his available state remedies with regard to his claim before a federal court should consider the merits of his petition. *E.g. Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489-91 (1973); *Dickerson*, 816 F.2d at 225. The exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). In order to exhaust, a petitioner must fairly present all of his claims to the state's highest court. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429 (5th Cir. 1985).

In the case at bar, Petitioner claims to have been formally charged in Wichita County by way of indictment. Therefore, he is "in custody" for purposes of § 2241 relief and his right to speedy trial has accrued. *See Dillingham v. United States*, 423 U.S. 64, 65 (1975). However, a review of the petition reflects that Sheppard has failed to exhaust his state court remedies.

The remedy available in Texas to enforce the state's duty to provide a speedy trial is by way of an application for writ of mandamus filed with the Texas Court of Criminal Appeals. *Chapman v. Evans*, 744 S.W.2d 133 (Tex. Crim. App. 1988). Petitioner has verified that the only petitions, applications or motions he has filed with respect to his claims are two applications for state habeas relief. Petition ¶ 11. Petitioner must resort to his state court remedies prior to proceeding in federal court. Because he has yet to seek mandamus relief in the Court of Criminal Appeals, Petitioner's speedy trial claim is premature.

Finally, Petitioner claims that he is entitled to federal habeas relief because the state failed to respond to his art. 11.07 state habeas application. Sheppard is not entitled to relief on this ground. Infirmities in state habeas proceedings are not cognizable grounds for federal habeas corpus relief. *Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir. 2001) (citing *Trevino v Johnson*, 168 F.3d 173, 180 (5th Cir. 1999)); *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995); *Duff-Smith v. Collins*, 973 F.2d 1175, 1182 (5th Cir. 1992); *Vail v. Procunier*, 747 F.2d 277, 277 (5th Cir. 1984)).

For the foregoing reasons, it is ORDERED that the petition for writ of habeas corpus is DENIED.

The Clerk of Court shall transmit a copy of this order to the Petitioner.

SO ORDERED this 28th day of March, 2011.

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**